UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore M. Evans, # 277290, ) | C/A No. 4:11-3232-RBH-BM |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| William B. Funderburk, ) | |
| Defendants. ) | |

Theodore M. Evans (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner at the Evans Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendant the Clerk of Court of Marlboro County, and seeks monetary damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).



Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).  See also 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) [allowing a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."].

Discussion

This complaint has been filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  This complaint fails to satisfy the first element of a § 1983 claim, and is thus subject to summary dismissal.

Plaintiff names as the Defendant Willam B. Funderburk, the Clerk of Court for Marlboro County, South Carolina, and alleges various failures by Funderburk regarding Plaintiff's attempt to litigate a case in that court.  Plaintiff complains that though he was granted leave to proceed *in forma*



*pauperis*, he "was denied his constitutional right to service process upon all defendants listed. Plaintiff was also denied his right to copy of this documentation filing." ECF No. 1 at 3. In terms of relief, it is unclear exactly what Plaintiff seeks. He says, "we ask this honorable court rule default judgment against the Marlboro County Court for the amount being sought in his suit filed through their office for the computed amount of $250,000 (dollars)." ECF No. 1 at 5. He also asks for monetary damages against the Clerk of Court. Hence, construed liberally, Plaintiff is attempting to claim that the Defendant has violated Plaintiff's right of access to the courts to the detriment of his case in that court. However, Plaintiff has failed to allege that a "right secured by the Constitution or laws of the United States was violated" as required by § 1983.

First, to the extent Plaintiff in attempting to allege that the Defendant's actions denied him access to the courts, no viable § 1983 claim is stated in the complaint because, in making a claim that a prisoner's access to the courts were impeded, "a prisoner cannot rely on conclusory allegations. . . . A prisoner must . . . identify an actual injury resulting from official conduct." *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996)(holding that a prisoner did not show actual injury when he made merely conclusory statements, such as alleging officials "'conspired to circumvent plaintiff's access to the courts'"). Plaintiff has not identified any actual injury to his right of access to the courts in his complaint, as he does not allege that his case – which is apparently pending and still being litigated – has been dismissed or otherwise suffered due to any actions of the Clerk of Court. Plaintiff should address any complaints he has about service issues or other matters concerning his case with the presiding judge.

Plaintiff has also provided no allegations to show that the Clerk in Marlboro County was under any obligation to provide him with free copies or service of process. *See, e.g.*, *In re Richard*,

3



914 F.2d 1526 (6th Cir.1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense").[1] In the absence of an allegation of actual injury and prejudice arising from the Defendant's actions, Plaintiff fails to state an access-to-court claim upon which relief may be granted under 42 U.S.C. § 1983. Therefore, this case is subject to summary dismissal without prejudice. *See Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999)(court may not rewrite a petition to include claims that were never presented); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)(court may not construct the plaintiff's legal arguments for him); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)(court may not "conjure up questions never squarely presented" to it).

Additionally, even if the complaint had set forth a cognizable claim under § 1983, it would still be subject to summary dismissal because the doctrine of quasi-judicial immunity protects the Defendant from the kind of claims asserted in this case. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as the Defendant because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel); *Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench

---

[1] Notably, the South Carolina Rules of Civil Procedure do not specify that a plaintiff proceeding *in forma pauperis* will be excused from service and copying fees. S.C.R.C.P. Rule 3(b)(1).



ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969), [*cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076.

Hence, Plaintiff cannot recover damages or other relief from the Defendant merely because of his performance of employment duties. As Clerk of Court for Marlboro County at all relevant times in this case, Defendant is entitled to quasi-judicial immunity over Plaintiff's claims because the allegations of the complaint show that the Defendant was following rules of a court or was acting pursuant to authority delegated by a court to Clerk's office personnel when he engaged in the conduct of which Plaintiff now complains.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).



Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 4, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

