IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Theodore M. Evans, | ) | Civil Action No.: 4:11-cv-03232-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| William B. Funderburk, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [Docket Entry 9] Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant[1] filed on January 4, 2012. In his R&R, the Magistrate Judge recommended that "the Court [should] dismiss the complaint in this case *without prejudice*." (R&R at 5.) Petitioner timely filed his [Docket Entry 11] Objections to the R&R.

### Allegations

In his [Docket Entry 1] Complaint, Plaintiff names William B. Funderburk, Clerk of Court for Malboro County, as Defendant. (*See* Compl. at 2.) Plaintiff complains about failures by Funderburk regarding Plaintiff's attempt to litigate a case in that court. (*Id.*) Specifically, Plaintiff alleges that, although he was granted leave to proceed *in forma pauperis* ("*IFP*") in that state case, he "was denied his constitutional right to service process upon all defendants listed. Plaintiff was also denied his right to copy of this documentation filing." (*Id.*) It is unclear exactly what relief Plaintiff seeks. In the relief section of the Complaint, Plaintiff states the following: "[W]e ask this Honorable Court rule default judg[]ment against the Malboro County Court for the amount being

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

sought in his suit filed through their office for the computed amount of $250,000 (dollars)." (*Id.* at 5.) Further, Plaintiff asks for "monetary damages not to exceed 20,000,000 (million) dollars" against Defendant for his alleged "fraud . . . upon the Malboro County Court." (*Id.*)

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In the R&R, the Magistrate Judge began by construing Plaintiff's allegations as an "attempt[] to claim that the Defendant ha[d] violated [his] right of access to the courts to the detriment of his case in that [state] court." (R&R at 3.) Thereafter, the Magistrate Judge concluded that "Plaintiff ha[d] failed to allege that a 'right secured by the Constitution or laws of the United States was

violated' as required by § 1983," as "Plaintiff ha[d] not identified any actual injury to his right of access to the courts" and also had "provided no allegations to show that the Clerk of Malboro County was under any obligation to provide him with free copies or service of process." (*Id.*)  In addition, the Magistrate Judge further concluded that "even if [Plaintiff's] complaint had set forth a cognizable claim under § 1983, it would still be subject to summary dismissal because the doctrine of quasi-judicial immunity protects the Defendant from the kind of claims asserted in this case." (*Id.* at 4.) Accordingly, the Magistrate Judge ultimately recommended summary dismissal of Plaintiff's Complaint. (*Id.* at 5.)

While Plaintiff did file Objections to the R&R, upon review, nowhere in those Objections does Plaintiff actually object to the Magistrate Judge's above findings and conclusions as to Plaintiff's claims stemming from his state court action.  Rather, in his Objections, Plaintiff appears to now complain about this court's handling of the instant matter.  For example, Plaintiff argues that the district court was required to serve his summons and complaint upon Defendant after the court allowed Plaintiff to proceed *IFP* in this action, and Plaintiff now attempts to seek relief from the district court for its failure to do so.[2]  Notwithstanding Plaintiff's failure to object to any of the Magistrate Judge's findings, the court has reviewed Plaintiff's claims and the Magistrate Judge's

---

[2] To any extent that this can be considered a proper objection, it is hereby overruled.  Plaintiff complains about the failure of this court to serve his summons and complaint on Defendant.  However, it is the duty of the district court to screen all cases, "as soon as practicable after docketing," where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After such review, the district court is required to "dismiss the complaint" if it "fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b)(1)-(2).  Here, the Magistrate Judge concluded both that Plaintiff's Complaint failed to state a claim and that Defendant was immune from suit for the relief sought, and, again, Plaintiff failed to object to any of these findings of the Magistrate Judge.  Accordingly, given the Magistrate Judge's findings in this case, the undersigned concludes that this case was properly reviewed under § 1915A, and therefore overrules Plaintiff's Objections.  Similarly, his request in his Objections for a "default judgment" against the United States District Court is also denied for the same reasons.

3

R&R.  After conducting such a review, the undersigned is left with the firm conviction that the Magistrate Judge's recommended disposition of this case is correct and that Plaintiff's Complaint should be summarily dismissed for the reasons stated by the Magistrate Judge.

## Conclusion

Based on the foregoing, the court hereby overrules all of Plaintiff's Objections and adopts and incorporates by reference the Magistrate Judge's R&R.  Accordingly, Plaintiff's Complaint in this case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                      s/R. Bryan Harwell
                      R. Bryan Harwell
                      United States District Judge

Florence, South Carolina
February 22, 2012